UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIM. ACTION NO. 2:10-CR-01128-002 |
| | § | |
| KARLOS BOUCHOT | § | |

## ORDER

Pending before the Court is Defendant Karlos Bouchot's (Bouchot) motion to reduce/modify his sentence pursuant to Fed. R. Crim. P. 35 and 18 U.S.C. § 3582(c)(1)(A)(i). D.E. 816. The Court DISMISSES the motion for lack of jurisdiction as Bouchot's claims must be brought as a § 2241 habeas petition and the Court lacks jurisdiction over such a petition. Bouchot presents no other extraordinary or compelling reasons for sentence reduction.

### I.  BACKGROUND

On December 8, 2010, Bouchot was indicted for conspiracy to commit murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(5) and for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, specifically approximately 5.66 kilograms, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). D.E. 15 ¶¶ 5, 12. At the time of his federal offense, Bouchot had been confined in the Texas Department of Criminal Justice for aggravated robbery. D.E. 504 ¶¶ 60, 76. Pursuant to a writ of habeas corpus ad prosequendum issued on December 14, 2010, Bouchot was transferred to federal custody on December 16, 2010. D.E. 504 ¶ 3; *see* D.E. 44. On April 5, 2011, Bouchot pleaded guilty to two counts: Count One of conspiracy to commit murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(5) and Count Five of conspiracy to possess with intent to distribute more

than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). D.E. 521, at 1. On March 8, 2012, the Court sentenced Bouchot to 120 months of imprisonment followed by three years of supervised release as to Count One and 360 months followed by five years of supervised release as to Count Five. *Id.* at 1-3. Both sentences were to be served concurrently with his state sentence in Cause No. 94-CR-1746-C. *Id.* at 2. Judgment was entered on March 9, 2012. *Id.* at 1. Bouchot did not file an appeal and judgment became final on March 23, 2012, fourteen days later. *See* Fed. R. App. P. 4(b)(1)(A). On February 21, 2014, the government filed a motion under Fed. R. Crim. P. 35(b)(2)(B) to have Bouchot's sentence as to Count Five reduced to 240 months due to Bouchot providing substantial assistance. D.E. 685. On February 28, 2014, Bouchot filed a response to have his sentence reduced by 50% as to both Count One and Count Five instead. D.E. 698. This would have reduced his Count One sentence to 60 months and his Count Five sentence to 180 months. *Id.* at 3. On November 19, 2014, the Court reduced Bouchot's sentence for Count Five to 210 months. D.E. 739. The sentence for Count One was unchanged.

On June 1, 2020, Bouchot filed a motion to request a public defender to assist him in filing a motion for compassionate release, or in the alternative, to be transferred to home confinement under the CARES Act. D.E. 800. On June 23, 2021, the Court construed Bouchot's motion as a motion for compassionate release and denied it. D.E. 802. On November 10, 2022, Bouchot filed the present motion. D.E. 816.

## II. DISCUSSION

Bouchot argues that he should be granted twenty months of time credit[1] for the time that he spent in federal custody because otherwise his sentence would be more punitive than intended. D.E. 816, at 8. Moreover, he argues that the Court's failure to do so would make Bouchot's federal sentence consecutive with his state sentence. *Id.* at 1. However, credit awards for time spent in official detention are to be made by the Attorney General through the Bureau of Prisons after sentencing and are not within the jurisdiction of the district court at sentencing. *See United States v. Setser*, 607 F.3d 128, 132 (5th Cir. 2010). If a prisoner believes he has been improperly refused time credit, he must exhaust his administrative remedies before seeking judicial review. *Id.* at 133. Once his remedies are exhausted, he may seek review under a § 2241 habeas petition challenging the computation of his sentence. *Id.* at 132 n.3. Claims for presentence credit must be addressed as a § 2241 habeas petition and cannot be considered under Fed. R. Crim. P. 35. *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). A § 2241 petition must be filed in the same judicial district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Currently, Bouchot is held in FCI Marianna and jurisdiction only properly lies with the Northern District of Florida.[2] As a result, the Court must dismiss this claim for lack of jurisdiction. Bouchot presents no other extraordinary or compelling reasons upon which a sentence reduction should be granted.

---

[1] December 17, 2010 to March 8, 2012 could be construed as fifteen months at most so it is unclear how the amount of twenty months was reached.

[2] *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited Dec. 5, 2022). FCI Marianna is in the Northern District of Florida. *FCI Marianna*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/mna (last visited Dec. 5, 2022).

### III. CONCLUSION

For the foregoing reasons, Bouchot's motion for sentence reduction, D.E. 816, is DISMISSED for lack of jurisdiction.

SIGNED and ORDERED on December 6, 2022.

Janis Graham Jack
Senior United States District Judge